UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
| Title | Alysha Freeze v. PVH Corp., et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS the motion for final approval and GRANTS IN SUBSTANTIAL PART the motion for attorneys' fees, costs, and an incentive award**

Before the Court are two motions filed by Plaintiff Alysha Freeze ("Plaintiff"): (1) a motion for final approval of class action settlement, *see generally Motion for Final Approval*, Dkt. # 28 ("*Final Approval Mot.*"); and (2) a motion for attorneys' fees, costs, and an incentive award, *see generally Motion for Attorneys' Fees*, Dkt. # 29 ("*Fees Mot.*"). Defendant PVH Corp. ("Defendant") does not oppose. The Court conducted a fairness hearing on January 6, 2020. Having considered the submissions, the Court **GRANTS** Plaintiff's motion for final approval and **GRANTS IN SUBSTANTIAL PART** Plaintiff's motion for attorneys' fees, costs, and an incentive award.

I.   Background

On January 15, 2019, Plaintiff initiated this putative wage and hour class action by filing a complaint in the Los Angeles County Superior Court. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*").

Plaintiff alleged the following causes of action: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (3) violation of California Labor Code §§ 226.7 and 512 (unpaid meal period premiums); (4) violation of California Labor Code § 226.7 (unpaid rest period premiums); (5) violation of California Labor Code §§ 201–203 (wages not timely paid upon termination); (6) violation of California Labor Code § 226 (noncompliant wage statements); (7) violation of California Labor Code § 2698, the Private Attorneys General Act ("PAGA"); and (8) violation of California Business and Professions Code § 17200, et seq. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

*generally Complaint*, Dkt. # 1-1 ("*Compl.*").  On March 7, 2019, Defendant removed the action to this Court.  *See generally NOR*.

On December 5, 2019, the parties engaged in private mediation before Michael Dickstein. *See Order Granting Preliminary Approval of Class Action Settlement*, Dkt. # 25 ("*Prelim. Approval Order*"), at 1; *Declaration of Matthew Bainer*, Dkt. # 24 ("*Bainer Decl.*"), ¶ 5.  The mediation included discussion and examination of the parties' respective positions on the legal and factual issues raised, and after arm's-length negotiations, at the conclusion of the mediation, the parties agreed to a settlement ("Settlement Agreement").  *See Bainer Decl.* ¶ 5.

The settlement class (the "Class" or "Class Members") is defined as: "all non-exempt employees employed by PVH Corp., PVH Retail Stores LLC, or any other subsidiary of PVH Corp. in any retail store in the state of California at any time during the Class Period."  *Id.* Ex. 1 ("*Settlement Agreement*"), ¶ 2.3.  The Settlement Period is October 7, 2016, through and including the date of entry of the Court's order granting preliminary approval, which occurred on July 1, 2020.  *Id.* ¶ 2.4; *see generally Prelim. Approval Order*.

On May 11, 2020, Plaintiff moved for preliminary approval of the proposed class settlement.  *See generally* Dkt # 23.  The Court granted Plaintiff's motion.  *Prelim. Approval Order* at 16.  Specifically, the Court (1) granted preliminary approval of the Settlement Agreement, *see id.*; (2) certified the Class for settlement purposes under Rule 23, *see id.* at 6; (3) appointed Plaintiff as Class Representative, *see id.*; (4) appointed The Bainer Law Firm as Class Counsel, *see id.*; (5) scheduled a final approval hearing for January 4, 2021, *see id.* at 16; (6) appointed Simpluris as the Settlement Administrator, *see id.*; and (7) approved the proposed Class Notice, *see id.*

The Court also ordered Plaintiff to file, in addition to the motion for final approval of class action settlement, three memoranda.  *Id.*

First, the Court ordered Plaintiff to file a memorandum justifying Class Counsel's award of attorneys' fees and costs that included declarations supporting the reasonableness of each attorney's requested hourly rate, itemized billing statements showing hours worked, hourly rates, expenses incurred thus far, and expenses to be incurred in the future.  *Id.*  The Court instructed Plaintiff to explain in detail why an upward departure from the benchmark percentage rate was warranted.  *Id.*  The Court also ordered Plaintiff to explain whether a multiplier should be applied to the lodestar value for the attorneys' fees and, if so, why the proposed multiplier was appropriate in this case.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

    Second, the Court instructed Plaintiff to file a memorandum assessing (i) the adequacy of the named *cy pres* recipient, (ii) whether any conflict of interest exists between either Class Counsel or Defendant's counsel or the named Plaintiff or Defendant and the *cy pres* recipient, (iii) how the parties chose the *cy pres* recipient, and (iv) whether any party or Plaintiff's or Defendant's counsel or any party's family has any preexisting relationship to the organization. *Id.*

    Third, the Court ordered Plaintiff to file a memorandum justifying the significant disparity between Plaintiff's enhancement award and the average settlement amount for each Class Member. *Id.* at 17.[1]

    Plaintiff now moves—unopposed—for (1) final approval of the Settlement Agreement and (2) an order awarding attorneys' fees, costs, and an incentive award. *See generally Final Approval Mot.*; *Fees Mot.*

    Specifically, Plaintiff moves for an order (1) granting final approval of the Settlement Agreement as to the Settlement Class; (2) approving the Notice of Class Action Settlement; (3) finally certifying the Class for settlement purposes; (4) directing compensation to the Class be effected pursuant to the terms stipulated by the parties; (5) approving payment of PAGA penalties to the California Labor Workforce Development Agency ("LWDA"); (6) approving the Settlement Administrator's costs in the amount of $45,000; and (7) entering final judgment in this action. *See Final Approval Mot.* 2:9–25. Plaintiff also requests attorneys' fees in the amount of $433,333, costs of $16,180.34, and an incentive award of $5,000 for Plaintiff. *See Fees Mot.* 3:2–12.

II.    Final Approval of the Settlement Agreement

    A.    Overview of Settlement Agreement

    Under the terms of the Settlement Agreement, Defendant agrees to pay a gross sum of $1,300,000 (the "Gross Settlement Amount" or "Gross Settlement Fund"). *See Settlement Agreement* ¶ 2.10. This amount includes (a) administrative expenses of $45,000, (b) Class Counsel's fees and expenses of $433,333, (c) an incentive award to Plaintiff of $5,000, and (d) PAGA penalties of $20,000. *Id.* The remainder of the Gross Settlement Fund after the deduction of Class Counsel's fees and expenses, the incentive award, and administrative

---

[1] While Plaintiff did not file separate memoranda addressing these issues, she included the requested information in her motions and their supporting declarations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

expenses (the "Net Settlement Fund") shall be paid to Class Members as their Individual Settlement Payments. *Id.* ¶ 2.13. There is no reversion of any portion of the Gross Settlement Fund to Defendant. *Id.* ¶ 7.

Each Class Member shall be entitled to a pro rata portion of the Net Settlement Fund based on the number of weeks they worked during the Class Period. *Id.* ¶ 4.4(E). The Net Settlement Fund totals $776,667. Dkt. # 28-2 at 4. The highest share of the Net Settlement Fund is $495.26 and the average share is $99.66 per Class Member. *Id.*

Any settlement checks not claimed or negotiated within 180 days after distribution shall be void, and any funds not distributed after the expiration of the settlement checks shall be donated *cy pres* to Bet Tzedek Legal Services (50 percent) and Legal Aid at Work (50 percent). *Id.* ¶ 7.

In return, Class Members who do not opt-out will release Defendant from

> any and all claims, rights, demands, liabilities, penalties, fines, debts and causes of action of every nature and description, whether asserted or unasserted, known or unknown, that have been or could have been asserted against Defendant that arise out of or relate to the facts, acts, transactions, occurrences, events or omissions alleged in the Action, including all claims for wages, overtime pay, uncompensated work, missed, late, or shortened meal or rest breaks, premium pay, uncompensated security checks, and all other claims of any kind for wages, penalties, interests, costs and attorneys' fees arising from the alleged violation of any provision of California law and/or federal law, including but not limited to claims based on California Labor Code sections 201, 202, 203, 204, 206.5, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2698 et seq., California Code of Regulations, Title 8 Section 11000 et seq., the applicable Industrial Welfare Commission (IWC) Wage Orders, Business & Professions Code section 17200-17208, the Private Attorney General Act (PAGA), or any related damages, penalties, restitution, disgorgement, interest or attorneys' fees, and that arose at any time from and including October 7, 2016 through and including the date of Final Approval.

*Settlement Agreement* ¶ 5.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

B.     <u>Legal Standard</u>

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").[2]

The district court must approve or reject the settlement, as a whole, after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

---

[2] The recent amendments to Rule 23(e)(2) instruct district courts to consider whether: the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate; and the proposal treats Class Members equitably relative to each other. However, recognizing that each circuit has developed its own vocabulary to express these concerns, the Advisory Committee explained that it did not intend to "displace any factor [used by different circuits], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 amendment. Accordingly, the Court applies the Rule 23(e)(2) factors through the lens of the Ninth Circuit's *Hanlon/Staton* factors and existing relevant precedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

  C. <u>Discussion</u>

  The Court considers the eight approval factors and then the propriety of the chosen *cy pres* recipient.

    *i.* *Strength of Plaintiff's case*

  "An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

  Plaintiff argues that the Class "would have had to overcome Defendant's defenses on the merits, which include that Plaintiff and the proposed class were compensated for all time worked," and that the Class's "potential recovery in this action is limited by a prior class action settlement which prevents any recovery prior to October 2016, and by rulings in the prior action which provide Defendant with a good faith defense to many of Plaintiff's claims in this Action." *See Final Approval Mot.* 16:11–17:3. Plaintiff also notes that the Class would have faced continuing challenges to class certification if the case proceeded without a settlement. *See id.* 15:22–16:11. Therefore, Plaintiff argues that a settlement of $1,300,000 is reasonable. *Id.* 17:4–10. The Court agrees and finds that this factor weighs slightly in favor of final approval.

    *ii.* *Risk, expense, complexity, and duration of further litigation*

  The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

  Plaintiff argues that this factor is met for the same reasons as discussed above. *See Final Approval Mot.* 15:22–17:13. Plaintiff notes that, "[i]f the putative class is not certified, the value of Plaintiff and the Class Members' individual cases would be reduced to a fraction of the Settlement value." *Id.* 17:6–10. Therefore, Plaintiff contends that the Settlement should be approved "[c]onsidering the costs, risks, and delay of trial and appeal." *Id.* 17:11–13.

  The Court agrees with Plaintiff. Because the Settlement Agreement eliminates the delay, costs, and uncertainty that further litigation would create, this factor supports approval. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

*Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

       *iii.*    *Risk of maintaining class action status through trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See Prelim. Approval Order* at 6. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment."

This factor favors final approval because, as discussed above, Defendant would have contested class certification if litigation proceeded. *See Final Approval Mot.* 15:24–26.

       *iv.*    *Amount offered in settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (cleaned up). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $1,300,000, which is approximately 24 percent of the Class's total estimated damages. *See Prelim. Approval Order* at 10. The parties reached this settlement after engaging in adversarial and arm's-length mediation. *See id.* 14:22–15:12. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is appropriate in light of the challenges described above. *See Brown v. CVS Pharmacy, Inc.*, No. CV 15-7631 PSG (PJWx), 2017 WL 3494297, at *4 (C.D. Cal. Apr. 24, 2017) (approving settlement that represented 27 percent of possible recovery); *Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) (approving an overtime wage settlement that represented 25 to 35 percent of the estimated damages).

Given the risks of ongoing litigation and the substantial recovery for the Class, the amount offered in settlement is reasonable. *See Aarons v. BMW of N. Amer., LLC*, No. CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"); *Vasquez*, 266 F.R.D. at 489 (noting that "the risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement" is a relevant factor). Accordingly, this factor favors final approval of the Settlement Agreement.

     *v.*  *Extent of discovery completed and stage of the proceedings*

  This factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of her case. *See In re Mego,* 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

  Here, Class Counsel thoroughly investigated the facts of the class action, including a review of relevant documents and data through formal and informal discovery. *See Bainer Decl.* ¶ 3. This discovery and investigation included, among other things: production of all relevant policy and procedure documents, data points relevant to the potential damages, and time and payroll records for all Class Members for the entire relevant time period. *See id.* Class Counsel also investigated the claims at issue through interviews, background investigations, analyses of employment records, research on similar class actions, witness identifications, analysis of Defendant's wage and hour policies, and preparation of valuation analyses of the claims. *See id.* ¶ 4. This suggests that the parties had a clear view of the strengths and weaknesses of their positions in the case when negotiating the Settlement Agreement.

  Accordingly, the Court is confident that Plaintiff had enough information to make an informed decision about the settlement—after arm's-length negotiation and mediation—based on the strengths and weaknesses of the case. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement). As such, this factor weighs in favor of granting final approval of the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

  vi. *Experience and views of counsel*

 "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019). Here, Class Counsel has considerable experience handling wage-and-hour and class action cases. *See Second Declaration of Matthew R. Bainer*, Dkt. # 28-1 ("*Bainer Decl. II*"), ¶ 10. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is fair and reasonable and finds that this factor weighs slightly in favor of final approval.

  vii. *Presence of a government participant*

 Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

  viii. *Class Members' reaction to the proposed settlement*

 In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

 Here, no Class Members have objected to the Settlement Agreement. *Final Approval Mot.* 18:12–13. Moreover, of a Class of approximately 7,000, only 15 have requested exclusion. *Id.* 18:13–14. The Court finds that this positive reaction weighs in favor of final approval.

  ix. *Balancing the factors*

 Having considered all of the factors, the Court finds that they all favor final approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

    x.    Cy Pres *recipient*

The Settlement provides that any undeliverable or uncashed checks shall be donated *cy pres* to Bet Tzedek Legal Services (50 percent) and Legal Aid at Work (50 percent). *Settlement Agreement* ¶ 7. The Ninth Circuit requires all such *cy pres* distributions to (1) address the objectives of the underlying statutes; (2) target the plaintiff class; and (3) provide reasonable certainty that any member will be benefitted. *Naschin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).

At the preliminary approval stage, the Court instructed Plaintiff to submit a memorandum assessing (i) the adequacy of the named *cy pres* recipient, (ii) whether any conflict of interest exists between either Class Counsel or Defendant's counsel or the named Plaintiff or Defendant and the *cy pres* recipient, (iii) how the parties came to choose the *cy pres* recipient, and (iv) whether any party or Plaintiff's or Defendant's counsel or any party's family has any preexisting relationship to the organization. *Prelim. Approval Order* at 16.

Plaintiff submits that the Class selected Bet Tzedek and Legal Aid at Work ("LAAW") as the *cy pres* recipients because both "are nonprofit entities that provide legal services to low income workers, similarly situated to the low wage-earning class members herein, and, even more specifically, advocate on behalf of these groups for the same statutory wage violations addressed in this action." *Final Approval Mot.* 8:4–10. Moreover, "[n]either Plaintiff, Defendant, Plaintiff's Counsel[,] nor Defense Counsel have any preexisting relationship to either proposed cy pres recipient." *Id.* 8:16–17.

The Court is satisfied that the *cy pres* distributions to Bet Tzedek and LAAW meet the Ninth Circuit's standard because they address the objectives of the labor laws at issue here and class members may indirectly benefit from these organizations' efforts. *See Hofmann v. Dutch LLC*, CV 14-02418 GPC JLB, 2017 WL 840646, at *3 (S.D. Cal. Mar. 2, 2017) ("A *cy pres* award meets the objectives of the underlying statute when the *cy pres* recipient's mission and the statute's goals have a non-tenuous connection."). Further, there are no conflicts of interest between the parties and their counsel and these organizations. *See Bainer Decl. II* ¶ 9.

    xi.    Conclusion

Because all of the factors favor approval and the *cy pres* recipients are appropriate, the Court **GRANTS** Plaintiff's motion for final approval of the Class Action Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

III.     Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) an award of attorneys' fees in the amount of $433,333 for Class Counsel, (2) reimbursement of $16,180.34 in litigation costs incurred by Class Counsel, and (3) a $5,000 incentive award for Plaintiff.  *Fees Mot.* 3:2–5.  The Court addresses each request in turn.

   A.     Attorneys' Fees

        i.     *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs.  The Court "must carefully assess" the reasonableness of the fee award.  *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

        ii.    *Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award.  *See id.* at 942.  The percentage can vary, however, and courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

Here, Plaintiff requests that the Court approve a fee award of $433,333—i.e., one-third of the Gross Settlement Amount.  *Fees Mot.* 3:2–5.  Because Plaintiff asks the Court to depart from the "benchmark" of 25 percent, the Court must evaluate each of the five factors set out in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

*Vizcaino.* *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017) (quoting *Staton*, 327 F.3d at 964). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check the reasonableness of the award using the lodestar method.

        *a.*     *Percentage of the common fund method*

When assessing the reasonableness of a fee award under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046 (citing *Vizcaino*, 290 F.3d at 1048–50).

        *1.*     *Results achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Id.* In this case, the Settlement Agreement provides Plaintiff with approximately 24 percent of the total estimated potential recovery. *See Prelim. Approval Order* at 10. The highest share recovered by any Class Member is $495.26 and the average share is $99.66 per Class Member. Dkt. # 28-2 at 4. The Court finds that this result weighs in favor of a slight upward departure from the Ninth Circuit's 25 percent benchmark. *See Brown v. CVS Pharmacy, Inc.*, No. CV 15-7631 PSG (PJWx), 2017 WL 3494297, at *6–*7 (C.D. Cal. Apr. 24, 2017) (a settlement that represented 27 percent of the total estimated damages supported a 30 percent attorneys' fees request); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("[N]early all common fund awards range around 30% . . . .").

        *2.*     *Risk of litigation*

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case). As discussed above, the Court agrees that Class Counsel would have encountered obstacles to recovery, such as (1) Defendant's claims that "Plaintiff and the proposed class were compensated for all time worked," (2) the Class's potential recovery being limited by a prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

class action settlement which prevents any recovery prior to October 2016, and (3) rulings in the prior action that "provide Defendant with a good faith defense to many of Plaintiff's claims in this Action." *See Final Approval Mot.* 16:11–17:3. Defendant also would have challenged class certification for purposes other than settlement. *See id.* 15:22–16:11. The Court finds that these risks support a slight upward departure from the 25 percent benchmark.

### 3. Skills required and quality of work

The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047.

As discussed above, Class Counsel thoroughly investigated the facts of the class action. *See Bainer Decl.* ¶¶ 3–4. Based on this work, Class Counsel successfully negotiated a settlement after mediation "without wasted effort or years of needless, costly litigation." *Fees Mot.* 13:3–10. The Court finds that the skill displayed by Class Counsel in obtaining a favorable settlement weighs in favor of a slight upward departure from the 25 percent benchmark.

### 4. Contingent nature and Plaintiff's financial burden

Class Counsel "prosecuted this case wholly on a contingency basis, and have done so at great risk of never receiving any compensation." *Fees Mot.* 14:3–7. Class Counsel have incurred $16,180.34 in fees and expended 349 hours of time on this matter, foregoing other profitable work, without receiving any remuneration to date. *Id.* 14:7–12. Because Class Counsel faced the risk of walking away with nothing after investing substantial resources in this matter, the Court finds that this factor favors an upward departure.

### 5. Awards made in similar cases

The award in this settlement is consistent with awards in similar cases. *See, e.g.*, *Brown*, 2017 WL 3494297 at *6–*7 (awarding 30 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-4149 MMM (SH), 2008 WL 8150856, at *16 (C.D. Cal. July 21, 2008) (awarding 34 percent of the common fund in attorneys' fees in a wage and hour class action settlement); *Hightower v. JPMorgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *12 (C.D. Cal. Aug. 4, 2015) (approving attorneys' fees of 30 percent of the settlement fund); *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575, at *10 (E.D. Cal. Oct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

31, 2012) (approving fees in the amount of 33 percent of the common fund); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved awards ranging from 30 to 33 percent); *Singer v. Beckton Dickinson and Co.*, No. 08-CV-821 IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (approving an attorneys' fee award of 33.33 percent). Accordingly, this factor supports an upward departure from the 25 percent benchmark.

### 6.   *Balancing the factors*

Because all of the factors support an upward departure from the 25 percent benchmark, the Court finds that such a departure is reasonable. However, the Court will cross-check the reasonableness of the extent of the upward departure using the lodestar method.

### b.   *Lodestar method*

The lodestar method is a way for the Court to cross-check the reasonableness of a fee award. To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Class Counsel states that the lodestar amount is $261,975, which is based on 349.3 hours billed. *See Third Declaration of Matthew R. Bainer*, Dkt. # 29-1 ("*Bainer Decl. III*"), ¶ 7. In support, Class Counsel submitted timekeeping statements for the case, *see id.* ¶ 7 & Ex. A, as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Matthew R. Bainer | Partner | 349.30 | $ 750 | $ 261,975 |

*1.     Rates*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g., Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Class Counsel charged an hourly rate of $750. *See Bainer Decl. III ¶ 7 & Ex. A*. The Court turns to the *2020 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–*5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2020 Real Rate Report provides that, in Los Angeles, partners working in the Employment and Labor field have hourly rates ranging from $470 to $753. *See Real Rate Report* at 76. Accordingly, the Court accepts Class Counsel's rate of $750 as within the range charged in the relevant community.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

### 2. Hours

An attorney's fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel have spent 349.3 hours on this litigation since 2018. *See Fees Mot.* 14:3; *Bainer Decl. III* ¶ 8. As discussed at length above, Counsel investigated the claims thoroughly, conducted discovery, participated in mediation, and ultimately negotiated a favorable settlement. *See Bainer Decl.* ¶¶ 3–4; *Fees Mot.* 13:3–10. Considering the duration and scope of this case, the Court finds that the 349.30-hour figure is reasonable.

Accordingly, the Court accepts Class Counsel's proposed lodestar of $261,975.

### 3. Lodestar Cross-Check

Class Counsel's lodestar of $261,975 is less than the requested award of $433,333. Specifically, the requested award represents the lodestar with a 1.65 multiplier.

Courts in this Circuit have approved awards with similar multipliers. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding that a "bare majority" of multipliers in common fund cases fall in the 1.5 to 3.0 range); *Singh v. Roadrunner Intermodal Servs., LLC*, No. 1:15–cv–01497–DAD–BAM, 2019 WL 316814, at *10 (E.D. Cal. Jan. 24, 2019) (finding that a multiplier of approximately 2.03 is "clearly in the range that courts have found to be acceptable"); *Brulee v. DAL Global Servs., LLC*, No. CV 17–6433 JVS(JCGx), 2018 WL 6616659, at *11 (C.D. Cal. Dec. 13, 2018) (finding a multiplier of 1.68 or 1.72 reasonable); *Brown*, 2017 WL 3494297 at *9 (approving 1.74 multiplier where the settlement represented 27 percent of total possible damages and class counsel requested 30 percent of the settlement as attorneys' fees).

Moreover, as Class Counsel notes, he will spend "significant additional time responding to Class Member inquiries, . . . attending the Final Approval Hearing, overseeing the administration of the Settlement, and reporting to the Court," *Fees Mot.* 17:19–13, which will result in a final multiplier that is lower than 1.65.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

Accordingly, the Court finds that both the common fund and lodestar methods establish that Class Counsel's request for an award of one-third of the Gross Settlement Fund is reasonable. As such, the Court **GRANTS** Plaintiff's motion for attorneys' fees.

B.   Litigation Costs

In class action settlements, "[a]ttorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Here, Class Counsel request reimbursement of expenses incurred in the amount of $16,180.34. *See Fees Mot.* at 3:4. This includes expenses that are "typically charged to fee-paying clients, including filing fees, copying, postage, travel[,] computerized legal research charges, investigative fees, [and] the cost of the mediator." *See id.* 20:4–7. The Court has reviewed the accounting records and is satisfied that the costs are reasonable. *See Bainer Decl. III* ¶ 8 & Ex. B. Therefore, the Court **GRANTS** the request for costs in the total amount of $16,180.34.

C.   Incentive Award

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975.

Here, Plaintiff requests an incentive award of $5,000. *See Fees Mot.* 21:5–6. This award represents 0.38 percent of the Gross Settlement Fund. *See id.* 21:8–9.

Plaintiff asserts that this award is appropriate because she (1) "bore the significant financial risk of Defendants' costs in the event she lost at trial," which "could approach, if not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

exceed, $100,000;" (2) risked damage to her professional reputation; (3) "worked diligently with Class Counsel throughout this entire litigation, including participating in the initial factual intakes, formal discovery, and the Parties' informal information exchange;" and (4) "furthered the twin California public policy goals of enforcing the Labor Code and making appropriate use of the class action device." *See Fees Mot.* 21:11–22:5. Plaintiff also notes that no Class Member has objected to the Incentive Award. *Id.* 22:9–10.

Although the Court agrees that an incentive award is appropriate, an award in the amount of $5,000 is disproportionate. Such an award would represent more than 50 times the average settlement amount and more than 10 times the largest individual settlement share. *See* Dkt. # 28-2 at 4 (average share per Class Member is $99.66 and largest share is $495.26). The Court finds that an award of $2,500 is more appropriate. *See Vasquez*, 2020 WL 6785650 at *12 (reducing incentive award from roughly fifteen times the average settlement share to approximately nine times the average settlement share when there was no evidence that Plaintiff actually incurred substantial financial or personal burden). This amount still represents more than 25 times the average recovery and five times the largest individual recovery for Class Members.

Accordingly, the Court **GRANTS IN PART** Plaintiff's request for an incentive award in the amount of $2,500.

D. Settlement Administration Amount

Plaintiff proposes to pay Simpluris $45,000 for administering the Settlement. *See Final Approval Mot.* 2:22–24. This request is reasonable given the size of the Class (more than 7,000 Members), and the costs and expenses associated with administering the notices and distributing the awards. *See Vasquez*, 2020 WL 6785650 at *12 (approving administration costs of $30,000 for a class of roughly 1,400).

IV. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement and **GRANTS IN SUBSTANTIAL PART** Plaintiff's request for attorneys' fees, costs, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1694 PSG (Ex) | Date | January 7, 2021 |
|---|---|---|---|
| Title | Alysha Freeze v. PVH Corp., et al | | |

- The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel is awarded $433,333 in attorneys' fees and $16,180.34 in costs. Additionally, Plaintiff is awarded a $2,500 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

- The Court approves payment in the amount of $45,000 to Simpluris for settlement administration costs.

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this order.

   This order closes the case.

   **IT IS SO ORDERED.**